BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CLAIRE E. KELLY (Cal. Bar No. 306086)
Assistant United States Attorney
Deputy Chief, General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3868
    Facsimile: (213) 894-3713
    E-mail:    Claire.Kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-00680-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S OMNIBUS OPPOSITION TO DEFENDANT RANDY PAUL RUIZ'S MOTION TO DISMISS INDICTMENT DUE TO UNCONSTITUTIONAL VAGUENESS AND MOTION TO DISMISS INDICTMENT FOR EXCEEDING COMMERCE CLAUSE AUTHORITY AND VIOLATING FIRST AMENDMENT (DKTS. 47, 48) |
| v. | |
| RANDY PAUL RUIZ and GEORGINA RAVELERO, | |
| Defendants. | |
| | Hearing Date: November 24, 2025 |
| | Hearing Time: 11:00 a.m. |
| | Location:    Courtroom of the Hon. Stephen V. Wilson |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Claire E. Kelly, hereby files its Omnibus Opposition to defendant RANDY PAUL RUIZ's Motion to Dismiss Indictment Due to Unconstitutional Vagueness (Dkt. 47) and Motion to Dismiss Indictment for Exceeding Commerce Clause Authority and Violating First Amendment (Dkt. 48).  The

government submits that its omnibus response furthers efficiency and judicial economy, as defendant's legal claims in both motions substantially overlap, in particular defendant's First Amendment claims.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 10, 2025          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


_____/s/_____
CLAIRE E. KELLY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

**Contents**

TABLE OF AUTHORITIES.................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    INTRODUCTION...................................................1

II.   BACKGROUND AND STATEMENT OF FACTS.............................3

III.  ARGUMENT......................................................4

        A.    Section 231(a)(3) Is Not Unconstitutional Under Either
              As-Applied or Facial Challenges.........................4

              1.    Section 231(a)93) Does Not Reach a Substantial
                    Amount of Constitutionally Protected Conduct, So
                    Defendant's Overbreadth Challenge Fails.............5

              2.    Defendant's Vagueness Challenge Also Fails.........12

        B.    The Indictment Provides Sufficient Notice...............18

        C.    Section 231(a)(3) Does Not Exceed the Commerce Clause
              Power...................................................20

IV.   CONCLUSION...................................................24

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                    PAGE

City of Houston v. Hill,
482 U.S. 451 (1987)...........................................................5

City of Mobile v. Bolden,
446 U.S. 55 (1980)...........................................................11

Connecticut Nat. Bank v. Germain,
503 U.S. 249 (1992)..........................................................10

Hamling v. United States,
418 U.S. 87 (1974)...........................................................19

Hill v. Colorado,
530 U.S. 703 (2000)...........................................................4

Holder v. Humanitarian L. Project,
561 U.S. 1 (2010).......................................................14, 16

Hughes Aircraft Co. v. Jacobson,
525 U.S. 432 (1999)..........................................................10

Johnson v. United States,
576 U.S. 591 (2015)...............................................13, 14, 16, 17

Kashem v. Barr,
941 F.3d 358 (9th Cir. 2019)......................................13, 14, 16, 17

Marquez-Reyes v. Garland,
36 F.4th 1195 (9th Cir. 2022)................................................17

McFadden v. United States,
576 U.S. 186 (2015)..........................................................12

Members of City Council of L.A. v. Taxpayers for Vincent,
466 U.S. 789 (1984)...........................................................2

Menotti v. City of Seattle,
409 F.3d 1113 (9th Cir. 2005)................................................10

Nat'l Mobilization Comm. to End War in Viet. v. Foran,
411 F.2d 934 (7th Cir. 1969).............................................12, 15

Palmer v. Thompson,
403 U.S. 217 (1971)..........................................................10

Russell v. United States,
369 U.S. 858 (1985)......................................................20, 23

Turner Broad. Sys. v. FCC,
512 U.S. 622 (1994)..........................................................10

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                   PAGE

Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.,
455 U.S. 489 (1982).........................................................4, 12, 14

Virgina v. Hicks,
539 U.S. 113 (2003)..............................................................1, 5

United States v. Atcheson,
94 F.3d 1237 (9th Cir. 1996).......................................................21

United States v. Bingert,
No. 21-91, 2022 WL 1659163 (D.D.C. May 25, 2022).....................9

United States v. Blinder,
10 F.3d 1468 (9th Cir. 1993).......................................................19

United States v. Caldwell,
581 F. Supp. 3d 1 (D.D.C. 2021)....................................................15

United States v. Casper,
541 F.2d 1275 (8th Cir. 1976)......................................................13

United States v. Dennis,
2022 WL 17475401 (D.D.C. Dec. 6, 2022)..........................................8, 12

United States v. Dorsey,
418 F.3d 1038 (9th Cir. 2005)......................................................22

United States v. Du Bo,
186 F.3d 1177 (9th Cir. 1999)......................................................19

United States v. Gossjankowski,
No. CR 21-0123 (PLF), 2023 WL 130817 (D.D.C. Jan. 9, 2023).........19

United States v. Gregg,
226 F.3d 253 (3d Cir. 2000).......................................................2, 7

United States v. Grider,
617 F. Supp. 3d 42 (D.D.C. 2022)...................................................6

United States v. Harrington,
No. CR 23-298 (JEB), 2024 WL 3443767 (D.D.C. July 16, 2024)......8, 9

United States v. Howard,
No. 21-cr-28-pp, 2021 WL 3856290
(E.D. Wis. Aug. 30, 2021)...................................................9, 11, 23

United States v. Huff,
630 F. App'x 471 (6th Cir. 2015)...................................................15

United States v. Jasen,
693 F. App'x 8013 (11th Cir. 2017)..................................................13

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                 PAGE

United States v. Latu,
479 F.3d 1153 (9th Cir. 2007)........................................21

United States v. Lopez,
514 U.S. 549 (1995)....................................20, 21, 22, 23

United States v. McHugh,
583 F. Supp. 3d 1 (D.D.C. 2022)............................9, 12, 15

United States v. Mechanic,
454 F.2d 849 (8th Cir. 1971)........................6, 8, 12, 13, 16

United States v. Morrison,
529 U.S. 598 (2000)..............................................20, 21

United States v. Mostofsky,
579 F. Supp. 3d 9 (D.D.C. 2021).............................8, 9, 23

United States v. Moyer,
674 F.3d 192 (3d Cir. 2012)........................................13

United States v. O'Brien,
391 U.S. 367 (1968)................................................10

United States v. Phillips,
367 F.3d 846 (9th Cir. 2004).......................................18

United States v. Phomma,
561 F. Supp. 3d 1059 (D. Or. 2021).....................7, 8, 11, 23

United States v. Pugh,
90 F.4th 1318 (11th Cir. 2024).........................6, 22, 23, 24

United States v. Robertson,
514 U.S. 669 (1995)................................................21

United States v. Warnagiris,
699 F. Supp. 3d 31 (D.D.C. 2023)...............................6, 19

United States v. Williams,
No. 21-618, 2022 WL 2237301 (D.D.C. June 22, 2022)..................9

United States v. Wood,
No. CR 20-56 MN, 2021 WL 3048448
(D. Del. July 20, 2021)................................7, 9, 11, 23

United States v. Wyatt,
408 F.3d 1257 (9th Cir. 2005)......................................18

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

This Court should deny defendant RANDY PAUL RUIZ's ("defendant")
Motions to Dismiss Indictment Due to Unconstitutional Vagueness
(Dkt. 47) and to Dismiss Indictment for Exceeding Commerce Clause
Authority and Violating First Amendment (Dkt. 48).[1]

All of defendant's claims fail.  <u>First</u>, as to defendant's facial
First Amendment claim, caselaw makes clear that 18 U.S.C. § 231(a)(3)
is not a content-based regulation of speech requiring the application
of strict scrutiny.[2]  Nor was it enacted to suppress expressive
content.  Rather, Section 231(a)(3) prohibits acts intended to
obstruct, impede, or interfere with law enforcement.

<u>Second</u>, defendant's claim of overbreadth in the context of the
First Amendment also fails, as Section 231(a)(3) does not prohibit a
substantial amount of protected speech and "is not specifically
addressed to speech or conduct necessarily associated with speech."
<u>Virgina v. Hicks</u>, 539 U.S. 113, 124 (2003).  Defendant's hypothetical
examples of how Section 231(a)(3) might regulate protected speech are
unavailing and have already been rejected by courts analyzing the
constitutionality of Section 231(a)(3).  Indeed, "[t]he mere fact
that one can conceive of some impermissible applications of a statute
is not sufficient to render it susceptible to an overbreadth

---

[1] Co-defendant GEORGINA RAVELERO filed a notice of joinder in
both motions and sought to adopt the motions and briefs filed by
defendant.  (Dkt. 50.)  Defendant RAVELERO did not provide additional
argument in support of the Motions.  (<u>Id.</u>)  For the reasons set forth
in this Opposition, this Court should <u>deny</u> the Motions to Dismiss as
to defendant RAVELERO as well.

[2] To the best of the government's knowledge, the Ninth Circuit
has not analyzed the constitutional challenges to Section 231(a)(3)
raised in defendant's motions.  However, other circuits and district
courts have, and their holdings foreclose defendant's claims.

challenge." Members of City Council of L.A. v. Taxpayers for Vincent, 466 U.S. 789, 800 (1984).

Third, as applied to defendant, Section 231(a)(3) does not implicate defendant's First Amendment rights. Defendant does not allege he uttered any speech or otherwise expressed a message. Rather, defendant committed this crime by driving his motorcycle into police officers. See United States v. Gregg, 226 F.3d 253, 267–68 (3d Cir. 2000) ("Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message.").

Fourth, defendant's claim that Section 231(a)(3) is void for vagueness fails both as-applied and facial challenges. Section 231(a)(3) clearly proscribes defendant's conduct here. Because defendant's as-applied challenge fails, he cannot raise a facial challenge.

Fifth, the indictment, which alleges the date and location of the crime and tracks the statutory language of Section 231(a)(3), provides sufficient notice of the charge against defendant.

Finally, Section 231(a)(3) does not exceed Congress's Commerce Clause power. As other courts have held, Section 231(a)(3) is neither overbroad nor too attenuated to interstate commerce. The statute's explicit jurisdictional element requires the government to prove that the victim law enforcement officer was acting "incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce."

2

## II.    BACKGROUND AND STATEMENT OF FACTS

The government charged defendant and co-defendant RAVELERO by criminal complaint and then by indictment with one count each of Acts to Obstruct, Impede, or Interfere with Law Enforcement During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).  The government described in detail in its Opposition to Defendant's Motion for Bill of Particulars (Dkt. 42) and the complaint (Dkt. 1) the facts and evidence underlying the charges in this case.  In summary, a civil disorder erupted during protests in downtown Los Angeles in early June 2025.  On the day of defendant's crime, June 8, the ongoing civil disorder resulted in closures of part of U.S. Route 101 in downtown Los Angeles, an interstate freeway; the suspension of rideshare services in the area; and the closure of some businesses in downtown Los Angeles.  The civil disorder also restricted access to or caused the lock-down of, some federal buildings and/or buildings containing federal offices, including the nearby Metropolitan Detention Center, a Bureau of Prisons facility.

While defendant was present in the crowd, Los Angeles Police Department ("LAPD") officers were attempting to control a crowd of protestors in the area, some of whom were throwing items at the officers, causing injury.  The officers were trying to prevent a large crowd that had gathered in front of the Metropolitan Detention Center from returning up the street towards the facility.  The crowd failed to disperse despite officers' declarations of an unlawful assembly.  Officers then heard the revving of engines from within the crowd before defendant burst out of the crowd on his motorcycle and drove directly and intentionally into a line of LAPD officers.  Less than a minute later, RAVELERO emerged from the same crowd and also

3

drove her motorcycle into the officers. In a video taken by a bystander after RAVELERO's arrest, a bystander asked RAVELERO why she was arrested and she responded, "Because my bike went onto a policeman," and smiled.

**III. ARGUMENT**

**A. Section 231(a)(3) Is Not Unconstitutional Under Either As-Applied or Facial Challenges**

Defendant makes facial challenges to Section 231(a)(3), arguing that it is unconstitutionally overbroad and void for vagueness, and does not provide sufficient notice. (Dkt. 47 at 2.) As explained below, defendant's challenges fail because Section 231(a)(3) does not regulate speech. Because Section 231(a)(3) does not even implicate the First Amendment, and because defendant's actions here clearly fall within the conduct prohibited by the statute, defendant is not entitled to make a facial First Amendment challenge.

When analyzing cases under the void for vagueness and overbreadth doctrines, courts are instructed to begin with the overbreadth challenge by determining whether the statute "reaches a substantial amount of constitutionally protected conduct. . . If it does not, then the overbreadth challenge must fail." Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc., 455 U.S. 489, 494 (1982). Where, as here, a defendant brings a facial challenge to a statute that he claims interferes with his right to free speech or association, "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." Hill v. Colorado, 530 U.S. 703, 733 (2000) (internal quotation marks omitted).

4

"Rarely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)."  Virginia v. Hicks, 539 U.S. 113, 124, 123 S. Ct. 2191, 2199, 156 L. Ed. 2d 148 (2003).

      1.    Section 231(a)93) Does Not Reach a Substantial Amount of Constitutionally Protected Conduct, So Defendant's Overbreadth Challenge Fails

The threshold question here is whether Section 231(a)3) "reaches a substantial amount of constitutionally protected conduct."  It does not.  Contrary to defendant's assertion, Dkt. 47 at 3, Section 231(a)(3) does not "make unlawful a substantial amount of constitutionally protected conduct." City of Houston v. Hill, 482 U.S. 451, 459 (1987).

In addressing this issue, the Eleventh Circuit in United States v. Pugh and held that "[i]t is obvious" that Section 231(a)(3) does not "criminalize[] a substantial amount of protected expressive activity," and instead "focuse[s] on obstructive conduct."  United States v. Pugh, 90 F.4th 1318, 1330-31 (11th Cir.), cert. denied, 145 S. Ct. 236 (2024) (emphasis in original).  The defendant in Pugh, who disabled a police car on an interstate ramp during a riot, moved to dismiss the indictment under the theory that Section 231(a)(3) is facially unconstitutional.  Id. at 1323.  The court in Pugh analyzed the plain and ordinary meaning of the terms in the first element. The court noted that, "[a]lthough "interfere," by itself, could include speech, it is best read in Section 231(a)(3) alongside "obstruct" and "impede" as prohibiting someone from hindering a law

enforcement officer or fireman with more than mere words." Id. at 1330.

The Pugh court also distinguished Hill, upon which defendant relies, noting that the municipal ordinance at issue in Hill "prohibited only verbal interference with law enforcement" and specifically did not prohibit physical assault, and had been enforced to prohibit speech. Id. at 1331. The court in Pugh went on to hold that Section 231(a)(3) is not a content-based regulation of speech and was not enacted to suppress expressive content, a determination supported by the "broad language of the statute" which "does not distinguish between acts that are crucial of law enforcement and acts that are neutral toward, or favor law enforcement." Id. at 1332.

The Eighth Circuit has also held that Section 231(a)(3) does not prohibit protected speech, as "the statute does not purport to reach speech of any kind," and rather "reaches only to acts to impede, obstruct, or interfere with police officers and firemen." United States v. Mechanic, 454 F.2d 849, 852-53 (8th Cir. 1971); see also United States v. Grider, 617 F. Supp. 3d 42, 52 (D.D.C. 2022) (denying defendant's as-applied challenge to Section 231 where the charging document did not allege expressive conduct, in case where defendant committed "destructive acts" such as attempting to push open and kick doors in attempt to break into Congressional chambers); United States v. Warnagiris, 699 F. Supp. 3d 31, 54 (D.D.C. 2023) (declining to order bill of particulars as to which "act" defendant committed in violating Section 231(a)(3) where alleged criminal conduct -- pulling people inside Capitol building and resisting officers' attempts to remove him from the area -- did not include

6

speech or protected activity and therefore did not give rise to a First Amendment claim).

District courts have also found that Section 231(a)(3) is not overbroad under the First Amendment.  For example, the court in United States v. Phomma, 561 F. Supp. 3d 1059, 1068 (D. Or. 2021), addressed such an argument.  The court found that defendant relied only on hypothetical situations, and did not point to any actual prosecutions under Section 231(a)(3) involving protected speech.  As a result, the court found that defendant failed to show that Section 231(a)(3) "reaches a substantial amount of constitutionally protected conduct."  Id. at 1068.  Similarly, in United States v. Wood, No. CR 20-56 MN, 2021 WL 3048448, at *8 (D. Del. July 20, 2021), the district court found that defendant failed to make a showing of overbreadth: "Nothing in § 231(a)(3) prohibits peaceful expression or association, therefore, this Court declines to find the statute to be overbroad."  The Wood court also found that Section 231(a)(3) does not prohibit speech based on its content and thus is not a "content-based regulation of speech. Indeed, that the statute has been utilized in prosecutions in a variety of contexts undermines the Defendant's assertion that it is a content-based regulation of speech. Consequently, strict scrutiny does not apply, and the statute does not violate the First Amendment."  Id.

In this case, defendant does not allege he uttered any speech or otherwise expressed a message.  Rather, defendant committed this crime by driving his motorcycle into police officers, which does not constitute speech.  See United States v. Gregg, 226 F.3d 253, 267–68 (3d Cir. 2000) ("Activities that injure, threaten, or obstruct are

7

not protected by the First Amendment, whether or not such conduct communicates a message.").

In support of his overbreadth argument, defendant argues that "[t]he statute's plain language could apply to a bystander who yells at police to stop, someone who takes out their cell phone to record police activity, or someone who makes a lewd gesture to police officers who are trying to quell a disturbance."  (Mot. at 3.) Defendant's language is copied verbatim from the defendant's motion to dismiss in United States v. Harrington, No. CR 23-298 (JEB), 2024 WL 3443767 (D.D.C. July 16, 2024).  The district court in Harrington rejected that defendant's arguments, which were themselves a rehashing of previously-rejected arguments:

> Harrington contends that "numerous speech-focused applications render the statute overbroad." MTD at 4. For example, he argues that § 231(a)(3) 'could apply to a bystander who yells at police to stop, someone who takes out their cell phone to record police activity, or someone who makes a lewd gesture to police officers who are trying to quell a disturbance.' Id. (emphasis added). The Court is all too familiar with these three hypotheticals and has twice rejected near word-for-word iterations of the same argument because § 231(a)(3)'s 'potentially unconstitutional applications are few compared to its legitimate ones.' United States v. Dennis, 2022 WL 17475401, at *2 (D.D.C. Dec. 6, 2022) (citation omitted); see United States v. Mostofsky, 579 F. Supp. 3d 9, 22–23 (D.D.C. 2021) (rejecting same argument).

Harrington, No. CR 23-298 (JEB), 2024 WL 3443767, at *2.

As in Harrington, defendant's argument falls flat.  As explained above, the statute is not a content-based restriction of speech, does not "reach a substantial amount of constitutionally protected conduct," Phomma, 561 F. Supp. at 1068, and in fact "does not purport to reach speech of any kind," Mechanic, 454 F.2d at 852, defendant's hypothetical applications notwithstanding.  See also United States v. Dennis, No. CR 21-679 (JEB), 2022 WL 17475401, at *2 (D.D.C. Dec. 6, 2022) (rejecting Section 231(a)(3) overbreadth and vagueness

challenges); United States v. McHugh, 583 F. Supp. 3d 1, 26 (D.D.C. 2022) (same); United States v. Williams, No. 21-618, 2022 WL 2237301, at *3–7 (D.D.C. June 22, 2022) (same); United States v. Bingert, No. 21-91, 2022 WL 1659163, at *12 (D.D.C. May 25, 2022) (same); Mostofsky, 2021 WL 6049891, at *8–9 (same); Nordean, 2021 WL 6134595, at *17 (same); United States v. Howard, No. 21-cr-28-pp, 2021 WL 3856290, at *11–12 (E.D. Wis. Aug. 30, 2021) (same); United States v. Wood, Crim. A. No. 20-56 MN, 2021 WL 3048448, at *7–8 (D. Del. July 20, 2021) (same).  The foregoing caselaw makes clear that Section 231(a)(3) does not implicate, much less violate, the First Amendment. Accordingly, defendant's challenge fails.

> a.    *This Court Need Not Inquire into Legislative History to Determine Section 231(a)(3) Does Not Violate the First Amendment*

Defendant argues that the legislative history of Section 231(a)(3) reveals a content-based purpose behind the statute.  (Dkt. 48 at 22; see also Dkt. 47 at 4.)  In support, defendant cites to excerpts from the Congressional Record and other materials.  (See Dkt. 49, Ex. A-H.)  Even assuming, arguendo, that the Congressional record indicated some legislators were motivated by improper animus in passing Section 231(a)(3), this Court need not inquire into legislative history because Section 231(a)(3) does not penalize expressive conduct.  See United States v. Harrington, No. CR 23-298 (JEB), 2024 WL 3443767, at *3 (D.D.C. July 16, 2024) ("Given the [Section 231(a)(3)] text's clarity, the Court has no need to consult legislative history.").  Additionally, because the statutory language of Section 231(a)(3) "provides a clear answer" as to whether the statute penalizes expressive conduct, the Court need not analyze the

legislative history.  Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999) ("As in any case of statutory construction, our analysis begins with the language of the statute. . . And where the statutory language provides a clear answer, it ends there as well." (quotations and citations omitted)); see also Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'").

Finally, because Section 231(a)(3) is not overbroad nor aimed at suppressing expressive content, defendant's reliance on legislative history fails to advance his argument.  The Supreme Court has long held that it "will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive." United States v. O'Brien, 391 U.S. 367, 383 (1968); see also Menotti v. City of Seattle, 409 F.3d 1113, 1130 n.29 (9th Cir. 2005).  The Court has also warned against trying to determine the "motive" of a law based on the scattered legislative speeches of a few members of Congress. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for us to eschew guesswork." O'Brien, 391 U.S. at 384. Therefore, courts should not void a law "which Congress had the undoubted power to enact and which could be reenacted in its exact form if the same or another legislator made a 'wiser' speech about it." Id.; see Turner Broad. Sys. v. FCC, 512 U.S. 622, 652 (1994); Palmer v. Thompson, 403 U.S. 217, 224 (1971)).

Based on these commonsense principles, the Supreme Court has held that "past discrimination cannot, in the manner of original sin, condemn governmental action that is not itself unlawful."  Abbott,

10

138 S. Ct. at 2324 (alteration omitted) (quoting City of Mobile v. Bolden, 446 U.S. 55, 74 (1980) (plurality opinion)).

Indeed, the district court in United States v. Phomma, 561 F. Supp. 3d 1059 (D. Or. 2021) addressed the exact arguments defendant raises here regarding legislative intent behind Section 231(a)(3).[3] The court in Phomma found that "Whatever the original intentions of the legislators who passed § 231(a)(3) in 1968, the statute on its face does not regulate speech based on content."  Phomma, 561 F. Supp. 3d at 1069; see also United States v. Howard, No. 21-CR-28-PP, 2021 WL 3856290, at *7 (E.D. Wis. Aug. 30, 2021) (In addressing the same Section 231(a)(3) legislative history argument, noting "a legislative restriction imposed by legislators with particular viewpoints or intentions is not constitutionally infirm unless the language of that legislative restriction discriminates against those who are subject to the statute based on their particular viewpoints." (emphasis in original)); United States v. Wood, No. CR 20-56 MN, 2021 WL 3048448, at *5 (D. Del. July 20, 2021) (declining to address the legislative history of Section 231(a)(3) and alleged racial motivations by specific representatives at the time).

In determining that Section 231(a)(3) does not violate the First Amendment, the Phomma court found that the legislative history was not relevant, as "[t]he history of the statute . . . shows that it has been applied to defendants across the political spectrum."  Id. at 1069.  See also Nat'l Mobilization Comm. to End War in Viet Nam v.

---

[3] Indeed, defendant's motion at Dkt. 48, pages 2-7, and exhibits referenced therein, appears to be identical to the language used in the motion to dismiss filed by the defendant in Phomma.  See United States v. Kevin Phomma, case no. 3:20-CR-00465-JO, Feb. 1, 2021 (D. Or.), Motion to Dismiss Indictment, Dkt. 18 at 2-8.

11

Foran, 411 F.2d 934, 938 (7th Cir. 1969) (no "substantial constitutional question is presented by Section 231(a)(3)").

### 2.   Defendant's Vagueness Challenge Also Fails

The next step in the analysis is to analyze defendant's vagueness challenge, which should be upheld "only if the enactment is impermissibly vague in all of its applications." Vill. of Hoffman Ests., 455 U.S. at 494-95. That analysis begins with a review of defendant's conduct; if it is "clearly proscribed" by the challenged statute, a defendant is not permitted to make a facial challenge to the statute's vagueness. Id.

"Under [Supreme Court] precedents, a scienter requirement in a statute alleviates vagueness concerns, narrows the scope of its prohibition, and limits prosecutorial discretion." McFadden v. United States, 576 U.S. 186, 197 (2015) (internal quotation marks, brackets, and citation omitted).

That principle controls here. A defendant can be found guilty of violating Section 231(a)(3) only if the jury finds that he acted with intent to "obstruct, impede, or interfere." United States v. Mechanic, 454 F.2d 849, 854 (8th Cir. 1971). Defendant initially alleges that Section 231(a)(3) lacks a scienter requirement before quickly conceding that caselaw supports the exact opposition conclusion. (See Dkt. 47 at 7 (acknowledging that United States v. McHugh, 583 F. Supp. 3d 1, 24-25 (D.D.C. 2022) and United States v. Dennis, No. CR 21-679 (JEB), 2022 WL 17475401, at *2 (D.D.C. Dec. 6, 2022), both hold that Section 231(a)(3) includes a scienter requirement); see also Nat'l Mobilization Comm. to End War in Viet. v. Foran, 411 F.2d 934, 937 (7th Cir. 1969) (Section 231(a)(3) requires that defendant act with obstructive intent); United States

12

v. Mechanic, 454 F.2d 849, 854 (8th Cir. 1971) (same); United States v. Casper, 541 F.2d 1275, 1276 (8th Cir. 1976) (per curiam) (same); cf. United States v. Jasen, 693 F. App'x 801, 803 (11th Cir. 2017) (rejecting vagueness challenge to wire fraud charge and holding that "the statute's scienter requirement alleviates the [defendants'] concern about vagueness and limits the potential for arbitrary enforcement"); United States v. Moyer, 674 F.3d 192, 211-12 (3d Cir. 2012) (rejecting a vagueness challenge to § 1519 and observing that "[s]cienter requirements in criminal statutes alleviate vagueness concerns because a mens rea element makes it less likely that a defendant will be convicted for an action committed by mistake.").

                    a.    Defendant's Conduct Falls Squarely Within the
                          Conduct Proscribed by Section 231(a)(3)

Defendant does not argue, nor could he, that Section 231(a)(3) is unconstitutional as applied to him.  Because defendant has not even made an as-applied challenge, and because any as-applied challenge would fail here, defendant's vagueness claim fails.

As-applied, a criminal statute is only considered unconstitutionally vague if (1) it "fails to give ordinary people fair notice of the conduct it punishes," or (2) it is "so standardless that it invites arbitrary enforcement."  Johnson v. United States, 576 U.S. 591, 595 (2015).  Neither concern is present in this case.  "Whether a provision is vague for lack of fair notice is an objective inquiry."  Kashem, 941 F.3d at 371. There is no requirement that defendant know "just how far the law sweeps," as long as it clearly proscribes the conduct charged.  "The question, therefore, is whether a reasonable person would have known" defendant's "alleged conduct fell within" Section 231(a)(3)'s

criteria.  Kashem, 941 F.3d at 371 (citing Holder v. Humanitarian L. Project, 561 U.S. 1, 18 (2010).

As to the second Johnson prong -- arbitrary enforcement -- courts will only find a statute vague if it lacks "any ascertainable standard for inclusion and exclusion," or contains "no guidelines, such that the authorities can arbitrarily prosecute one class of [persons] instead of another."  Kashem, 941 F.3d at 374. (citing Smith v. Goguen, 415 U.S. 566, 578, (1974); Kim, 449 F.3d at 943.).  Only when a law permits "a standardless sweep [which] allows policemen, prosecutors, and juries to pursue their personal predilections," does it run afoul of the vagueness doctrine. Kolender v. Lawson, 461 U.S. 352, 358 (1983) (citing Smith, 415 U.S. at 575).

Here, the conduct alleged in the complaint and indictment fall squarely within the prohibitions set forth in Section 231(a)(3).  It is therefore "clearly proscribed" by Section 231(a)(3).  Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982).  As set forth in detail in the government's Opposition to Defendant's Motion for Bill of Particulars (see Dkt. 42), the government alleges that defendant violated Section 231(a)(3) by driving his motorcycle into a line of police officers who were acting in their official duties -- attempting to control a crowd of protestors who were throwing items at the police – during a civil disorder in downtown Los Angeles that, among other effects, (1) obstructed, delayed, or adversely affected interstate commerce by blocking an interstate freeway and causing business closures, and (2) obstructed, delayed, or adversely affected the conduct or performance of any federally protected function by causing closures

14

to federal operations such as the nearby United States Bureau of Prisons facility.  A reasonable person would have known that defendant's conduct would fall under the Section 231(a)(3) criteria.

Moreover, Section 231(a)(3) contains ascertainable standards preventing arbitrary enforcement.  The statute does not criminalize accidental conduct, but instead a deliberate act to obstruct a law enforcement officer.  Foran, 411 F.2d at 937 (Section 231(a)(3) requires that defendant act with obstructive intent).  And as noted above, to the extent there is any vagueness in the statute, the scienter requirement mitigates such vagueness.  McHugh, 583 F. Supp. 3d at 25 (finding Section 231(a)(3) not void for vagueness); see also United States v. Caldwell, 581 F. Supp. 3d 1, 20 (D.D.C. 2021) ("Defendants cannot complain that [a statute] does not supply fair notice if it is construed to require proof that Defendants acted with a specific intent to do what the statute prohibits.")

Finally, the Sixth and Eighth Circuits have addressed vagueness arguments as to the definition of "civil disorder," a term used in Section 231(a)(3).  The Sixth Circuit in United States v. Huff, 630 F. App'x 471 (6th Cir. 2015), analyzed whether subsection (a)(2) of Section 231 was void for vagueness.  That subsection prohibits the transportation or manufacture of a firearm, explosive, or incendiary device knowing it will be used unlawfully in furtherance of a civil disorder.  The Huff court rejected defendant's argument that the term "civil disorder" (used in both Sections 231(a)(2) and (a)(3)) was void for vagueness, noting that the term is statutorily defined (see 18 U.S.C. § 232(1)), a definition that actually "helps delineate the scope" of the challenged statute.  Id. at 489.

15

In *Mechanic*, the court also held that the definition of "civil disorder" as defined in Section 232 was not void for vagueness or overbreadth when read in conjunction with Section 231(a)(3) because it was "sufficiently clear that a normally intelligent person could ascertain its meaning and would be given fair notice of whether or not his conduct is forbidden under it." Id. at 854. As such, it was not unconstitutional as applied to the defendants, who threw cherry bombs at police and firemen during a demonstration in which protesters set a fire and threw rocks and other items at firemen. Id. at 851, 854.

> b. *Having Failed to Show the Statute Is Vague As Applied to Him, Defendant Is Not Entitled to Mount a Facial Vagueness Challenge*

Because the statute is not vague as applied to defendant, defendant is not entitled to raise a facial vagueness challenge. Holder v. Humanitarian L. Project, 561 U.S. 1, 19 (2010); Kashem v. Barr, 941 F.3d 358, 364 (9th Cir. 2019) ("Because we conclude the No Fly List criteria are not vague as applied, we decline to reach the plaintiffs' facial vagueness challenges.")

"[A]s a general matter, a defendant who cannot sustain an as-applied vagueness challenge to a statute cannot be the one to make a facial vagueness challenge to the statute." Kashem v. Barr, 941 F.3d 358, 375 (9th Cir. 2019). The defendants in Kashem argued that Johnson and Dimaya abolished this rule regarding facial challenges. The Ninth Circuit disagreed, noting that those cases did not explicitly address the rule. Id. at 375. Rather, a defendant must show that, as in Johnson and Dimaya, their case warrants an exception to the general rule. Id. at 376. In holding that the defendants in

16

Kashem had made no such showing, the Ninth Circuit distinguished the statute at issue (which was used to place defendants on the No Fly List) from Johnson and Dimaya, which dealt with "residual clauses. . . plagued by such indeterminacy that they might be vague even as applied to the challengers [and] . . . did not lend themselves easily to a traditional as-applied analysis." Id. at 377. See also Marquez-Reyes v. Garland, 36 F.4th 1195, 1207 (9th Cir. 2022) (foreclosing facial vagueness challenge where statute was not vague as applied to defendant's conduct and there were no "exceptional circumstances" such as applied under Johnson). In so holding, the Ninth Circuit noted that the defendants in Kashem raised a "straightforward vagueness challenge to the No Fly List criteria, which are applied using a risk determination based on real-world conduct" in contrast to the theoretical nature of the categorical approach used in Johnson and Dimaya.

As in Kashem, defendant has not shown that Section 231(a)(3) warrants an exception to the facial challenge rule. Unlike in Johnson and Dimaya, whose use of the categorical approach "require[d] the judge to imagine how the idealized ordinary case of the crime subsequently plays out," this Court can consider the underlying conduct in this case. See id. at 377 (quoting Johnson, 135 S.Ct at 2557-58). And even if this Court were to entertain a facial challenge, it fails because Section 231(a)(3) "provide[s] a person of ordinary intelligence fair notice of what is prohibited" and has sufficient standards to prevent "discriminatory enforcement." Harris, 705 F.3d at 932.

Nor should the rule of lenity apply. (See Dkt. 47 at 2.) "Under the rule of lenity, when a criminal statute is ambiguous, we

17

interpret the statute in favor of the defendant. However, it applies only when there is grievous ambiguity or uncertainty in the statute and when, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." United States v. Phillips, 367 F.3d 846, 857 n.39 (9th Cir. 2004) (emphasis added); United States v. Wyatt, 408 F.3d 1257 (9th Cir. Mont. May 26, 2005).  For the same reasons defendant fails to establish vagueness, he fails to establish "grievous ambiguity" requiring application of lenity.

For the foregoing reasons, defendant's motion is not unconstitutionally vague as applied to him and he is not entitled to raise a facial challenge of vagueness.

**B.    The Indictment Provides Sufficient Notice**

Next, defendant's argument that the indictment provides insufficient notice of the charges is incorrect and appears to be based on information from a different district.  Specifically, defendant claims that "[i]n the present case, the government mass produced indictments identical in language with the exception of names and dates of the offense.  A review of the cases filed under § 231(a)(3) reveals that none of the changes involve specificity regarding the acts or circumstances other than conclusory allegations."  (Dkt. 47 at 8.)  Defendant cannot be referring to recent cases brought in this district, of which there have only been a handful charged under Section 231(a)(3), so perhaps this language was borrowed from a motion filed in another district.

In any event, this indictment sufficiently fulfills the notice requirement.  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of

18

the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117, (1974).  The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993).

Defendant's reliance on Du Bo is misplaced.  (Dkt. 47 at 9.)  In that case, the indictment was plainly insufficient because it failed to allege the required mens rea for a Hobbs Act violation.  United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).  Here, in contrast, the indictment tracks the statutory language of Section 231(a)(3), including all of the elements of the offense, and includes the time and place of the alleged conduct.  It does not raise the concerns regarding grand jury presentment at issue in Du Bo.  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." United States v. Gossjankowski, No. CR 21-0123 (PLF), 2023 WL 130817, at *13 (D.D.C. Jan. 9, 2023) (internal quotations and citations omitted).

Moreover, that the indictment does not elaborate on which "act" defendant committed with the intent to obstruct, impede, or interfere with law enforcement is not fatal to the indictment.  See United States v. Warnagiris, 699 F. Supp. 3d 31, 41 (D.D.C. 2023) ("Although the indictment does not specify which underlying 'act' Mr. Warnagiris committed incident to a civil disorder and with the intent to

19

obstruct, impede, or interfere with law enforcement, such specificity is not required because guilt under Section 231(a)(3) does not 'depend[ ] so crucially upon such a specific identification of fact.') (quoting Russell v. United States, 369 U.S. at 764, 82 S.Ct. 1038)).

**C.    Section 231(a)(3) Does Not Exceed the Commerce Clause Power**

Finally, defendant seeks dismissal of the indictment based on Lopez, Morrison, and Raich, alleging that Section 231(a)(3) exceeds the Commerce Clause power.  (Dkt. 48 at 7-15.)  But these cases, which addressed purely intrastate conduct, do not render Section 231(a)(3) unconstitutional.

In United States v. Lopez, 514 U.S. 549, 561–62 (1995), the Court held that the Gun Free School Zones Act, which made it a federal offense to possess a gun in a school zone, exceeded Congress's authority under the Commerce Clause. The predecessor statute to § 922(g)—18 U.S.C. § 1202(a)—was the properly crafted alternative against which the flawed statute in Lopez was judged. Id. at 562. As the Court explained, unlike the felon-in-possession statute, the Gun Free School Zones Act "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 561. In short, the Supreme Court viewed the law struck down in Lopez as fundamentally different from Congress's traditional firearms legislation due to the absence of an interstate element.  See id. at 563.  In United States v. Morrison, the Court found that a statute from the Violence Against Women Act offended the Commerce Clause because it lacked the same interstate jurisdictional element that was absent in Lopez. 529 U.S. 598, 613 (2000).

20

In contrast to Lopez and Morrison, the interstate element is explicit in Section 231(a)(3), which requires a showing that the law enforcement officer be "engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce. . ." 18 U.S.C. § 231(a)(3) (emphasis added). Cf. United States v. Latu, 479 F.3d 1153, 1156 (9th Cir. 2007) (distinguishing the statutes at issue in Lopez and Morrison from 18 U.S.C. § 922(g) because the latter "contains a jurisdictional element, specifically requiring that [the defendant's] possession be 'in or affecting commerce.'").

Since Lopez, the Ninth Circuit and other circuit courts have continued to uphold statutes only requiring a de minimis effect on interstate commerce, such as violations of the Hobbs Act, which requires a showing that a defendant "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." For example, in United States v. Atcheson, 94 F.3d 1237, 1242 (9th Cir. 1996), as amended on denial of reh'g (Oct. 3, 1996), the Ninth Circuit distinguished Lopez and held that Lopez's "substantially affects" test was not applicable because the Hobbs Act addresses interstate, as opposed to intrastate, activities. In doing so, Atcheson relied on United States v. Robertson, 514 U.S. 669 (1995), which was decided after Lopez. In Robertson, the Supreme Court clarified that "[t]he 'affecting commerce' test was developed in our jurisprudence to define the extent of Congress' power over purely intrastate commercial activities that nonetheless have substantial interstate effects." Robertson, 514 U.S. at 671

21

(emphasis in original).  Indeed, the statute at issue in <u>Lopez</u> was later cured of its constitutional infirmity by adding a jurisdictional hook: "It shall be unlawful for any individual knowingly to possess a firearm <u>that has moved in or that otherwise affects interstate or foreign commerce</u> at a place that the individual knows, or has reasonable cause to believe, is a school zone."  18 U.S.C. § 922(q)(2)(A) (upheld as constitutional in <u>United States v. Dorsey</u>, 418 F.3d 1038, 1045-46 (9th Cir. 2005), <u>abrogated on other grounds</u>, <u>Arizona v. Gant</u>, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009)).

Unlike the statute at issue in <u>Lopez</u>, Section 231(a)(3) contains and explicit jurisdictional hook and is not aimed at "purely intrastate commercial activities that nonetheless have substantial interstate effects."  <u>Id.</u>  "Commerce," as used in Section 231(a)(3), focuses on interstate commerce; it is defined as: "commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia."  18 U.S.C. § 232(2).

Additionally, defendant inaccurately states that that Section 231(a)(3) is only aimed at the third <u>Lopez</u> factor, that is, "activities that substantially affect interstate commerce."  (Dkt. 48 at 8-9.)  But in reality, as discussed by the Eleventh Circuit in <u>Pugh</u>, the statute invokes all three factors.  <u>See</u> <u>Pugh</u> 90 F.4th at 1326.  The court parsed the jurisdictional element of Section 231(a)(3):

> The statute's jurisdictional element criminalizes acts during civil disorders that "affect[ ] commerce or the movement of any article or commodity in commerce." *Id.* (emphases added). "The

22

'in commerce' language denotes the first two <u>Lopez</u> categories—regulation of the channels and of the instrumentalities of commerce." <u>Ballinger</u>, 395 F.3d at 1231. And "[t]he 'affecting commerce' language invokes the third <u>Lopez</u> category—regulation of intrastate activities that substantially affect commerce." <u>Id.</u> Congress, therefore, invoked the full scope of its commerce power in Section 231(a)(3).

<u>Id.</u>

Defendant also fails to cite to any cases where a statute with an explicit jurisdictional element tied to interstate commerce -- like the element in Section 231(a)(3) -- was found to violate the Commerce Clause.  And defendant fails to acknowledge that the Eleventh Circuit and other courts have rejected Commerce Clause challenges to Section 231(a)(3).  <u>See</u> <u>e.g.</u>, <u>Pugh</u>, 90 F.4th at 1328; <u>Phomma</u>, 561 F. Supp. 3d at 1066; <u>Howard</u>, No. 21-CR-28-PP, 2021 WL 3856290, at *11; <u>Wood</u>, No. CR 20-56 MN, 2021 WL 3048448, at *6; <u>Mostofsky</u>, 579 F. Supp. 3d at 20.

Defendant next claims that Section 231(a)(3) is invalid because it does not require that defendant's act affect interstate commerce. (Dkt. 48 at 12.)  Such a connection is not required.  <u>Pugh</u>, 90 F. 4th at 1327 ("the jurisdictional element of interstate commerce need not link directly to the criminalized act itself as long as the object of the criminal act is sufficiently connected to interstate commerce") (citing <u>Russell v. United States</u>, 471 U.S. 858, 862 (1985)).

Finally, defendant's argument that the statute's "incident to and during" language is too attenuated from interstate commerce is also unconvincing, particularly since defendant confuses the terms "incident" and "incidental."  (Dkt. 48 at 12.)  The same argument was rejected in <u>Pugh</u>: "Pugh erroneously argues that this language means that the statute requires that the officer's duties be only

23

incidentally related to a civil disorder affecting interstate commerce. Pugh misunderstands how the phrase "incident to" is used in legal parlance."  Pugh, 90 F.4th at 1328

Section 231(a)(3)'s jurisdictional hook and the statute's focus on interstate commerce demonstrate that it falls within Congress's powers under the Commerce Clause.

**IV.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny the Motion to Dismiss Indictment Due to Unconstitutional Vagueness (Dkt. 47) and Motion to Dismiss Indictment for Exceeding Commerce Clause Authority and Violating First Amendment (Dkt. 48), as to both defendants.

24